**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ETHICAL SOCIETY OF POLICE, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PAMELA J. BONDI, in her official capacity as Attorney General of the United States, *et al.*,<br><br>　　　　　Defendants. | No. 1:25-cv-13115-IT |

**<u>Declaration of Jolene Ann Lauria</u>**

I, Jolene Ann Lauria, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.  I am the Assistant Attorney General for Administration at the United States Department of Justice (DOJ), headquartered in Washington, D.C. This position functions as the head of the Justice Management Division. I have served in this position since December 21, 2023. I was also Acting Assistant Attorney General for Administration from June 2022 to December 2023.

2.  In my role at DOJ, I am responsible for personnel management and agency reorganizations. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs), as well as reorganizations of the Department and its components. I assist in ensuring that all such actions comply with court orders and federal law.

3.  I am familiar with the Department's plan to realign the Community Relations Service (CRS).

4.  I make this declaration in support of the Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order in the above-captioned matter.

5.  CRS was established by the Civil Rights Act of 1964, 42 U.S.C. § 2000g. An Executive Branch reorganization plan transferred CRS from the Department of Commerce to the Department of Justice in 1966. *See* Message of the President accompanying Reorganization Plan No. 1 of 1966 ("The Attorney General will provide for the organization of the Community Relations Service as a separate unit within the Department of Justice.").

6.  As part of a government-wide effort since January 2025 to streamline federal agencies, DOJ is realigning CRS and its functions to the Executive Office for United States Attorneys (EOUSA), a component of DOJ. CRS will remain a "unit" of the Department as specified by the Reorganization Plan of 1966. It will report to the Deputy Attorney General—and ultimately the Attorney General—through EOUSA rather than through the Associate Attorney General, as it currently does. The position of Director of CRS (which is filled through presidential appointment with the advice and consent of the Senate), the position of first assistant to the Director, and one current employee, are expected to transfer to EOUSA, which is the minimum number of employees required to perform CRS's statutory functions. The other CRS employees will be subject to a Reduction-in-Force (RIF).

7.  DOJ has determined that realigning CRS, along with other reorganization actions undertaken by DOJ, will make DOJ more efficient by reducing bureaucracy, lowering

costs, and reducing the number of DOJ components and employees, while ensuring that DOJ's organizational structure and continued functions align with Departmental and Administration priorities and comport with federal law.

8. Moving the CRS unit to EOUSA is a natural fit because CRS has historically worked closely with U.S. Attorney's Offices around the country to accomplish its mission.

9. The Civil Rights Act and Reorganization Plan require that CRS be a "separate unit within the Department of Justice," and the Department will maintain that by having CRS exist as a separate unit within EOUSA. The Department will also ensure that CRS continues all necessary statutory functions, including conciliation and reporting functions.

10. DOJ has notified Congress that it intends to realign CRS to EOUSA and to issue RIF notices to CRS employees.

11. The President's Budget for fiscal year 2026 proposed zero funding for CRS and included a proposed general provision in DOJ's appropriations act that would dissolve CRS. Congress has not enacted a fiscal year 2026 appropriation for DOJ.

12. Legislation is required to eliminate CRS altogether. Unless and until Congress eliminates CRS by legislation, CRS will continue to exist as a unit within EOUSA.

13. If funding is provided for CRS for fiscal year 2026 through a Continuing Resolution or full-year appropriation, the Department will reassess and consider how to comply with any funding enactment and legally expend such funds consistent with the enactment. For example, the Department may consider entering into reimbursable agreements with United States Attorney's Offices to continue the CRS work with the enacted funding.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 28, 2025

JOLENE LAURIA

Digitally signed by JOLENE LAURIA
Date: 2025.10.28 12:23:25 -04'00'

Jolene Ann Lauria

4