UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ETHICAL SOCIETY OF POLICE; NAACP ST. LOUIS COUNTY; MISSIONARY BAPTIST STATE CONVENTION OF MISSOURI; TWO WRASSLIN' CATS ACCORD; OUT ACCOUNTABILITY PROJECT; BERKSHIRE RESOURCES FOR INTEGRATION OF DIVERSE GROUPS AND EDUCATION; NAACP STATE CONFERENCE COLORADO-MONTANA-WYOMING; PEACEMAKERS LODGE; PIKES PEAK SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE 1; WELLSPRING HEALTH ACCESS; and HAITIAN COMMUNITY HELP & SUPPORT CENTER,<br><br>   *Plaintiffs*,<br><br> v.<br><br>PAMELA J. BONDI, in her official capacity as Attorney General of the United States; and U.S. DEPARTMENT OF JUSTICE,<br><br>   *Defendants*. | Case No. 25-CV-13115 (IT) |

**JOINT SCHEDULING STATEMENT**

  Pursuant to Local Rule 16.1, Federal Rule of Civil Procedure 26(f), and this Court's November 7, 2025 Notice of Scheduling Conference, all Plaintiffs and all Defendants, having conferred through undersigned counsel, submit this joint scheduling statement, to include an agenda of matters to be discussed at the scheduling conference on November 20, 2025, and a proposal for scheduling in this matter. Where the parties are not in agreement, the parties' respective positions and proposals are separately outlined. A proposed Scheduling Order containing the dates on which the parties can agree (and omitting those on which they cannot) is submitted herewith.

I. **Agenda of Matters to Be Discussed at the Scheduling Conference**

  a) The process and timing for resolving whether discovery is appropriate in this case. The parties' respective positions are discussed in Section II.B.

  b) The effect that the Continuing Resolution passed by Congress and signed into law on November 12, 2025, may have on disposition of this matter, including a provision stating that "any reduction in force proposed, noticed, initiated, executed, implemented, or otherwise taken by an Executive Agency between October 1, 2025, and the date of enactment [Nov. 12, 2025], shall have no force or effect." *See* Continuing Appropriations and Extensions Act, 2026.[1]

  c) A schedule for a renewed preliminary injunction motion filed by Plaintiff, if any is filed. Plaintiffs are currently evaluating whether to file a renewed motion for preliminary injunction, in consideration of (among other things) the likely timeline for final resolution of this case and recent developments surrounding the end of the government shutdown. Defendants would timely oppose any motion for a preliminary injunction.

II. **Proposed Schedule**

 **A. Initial Disclosures**

 Plaintiffs' Position: The parties should serve initial disclosures on or before December 5, 2025. Initial disclosures are necessary to apprise Plaintiffs of whether Defendants intend to rely on extra-record evidence to support their case in chief (as they did in opposition to the Motion for Temporary Restraining Order), which will inform whether Plaintiffs may seek discovery (as discussed further below). The Government will file a certified copy of the Administrative Record in this case on or before December 5, 2025.

---

[1] *Available at* https://www.govinfo.gov/content/pkg/BILLS-119hr5371eas/pdf/BILLS-119hr5371eas.pdf

**Defendants' Position:** For the reasons explained below, if the Court determines it has jurisdiction over this case, then Defendants believe this case should be decided on a certified Administrative Record, meaning initial disclosures associated with traditional fact discovery are not warranted under Rule 26(e). Defendants do not intend to rely on extra-record evidence to support their summary judgment motion or to oppose Plaintiffs' summary judgment motion.

B.  **Joinder of Additional Parties and Amendments to Pleadings**

Except for good cause shown, any motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses shall be filed after December 19, 2025.

C.  **Fact Discovery**

The parties disagree about whether and to what extent discovery is available in this case. Their respective positions are set forth below.

**Plaintiffs' position:** Plaintiffs believe they are entitled to seek discovery in this case, including on Defendants' claim that they "realigned" CRS rather than "eliminated it," because (1) Plaintiffs have pled claims under the U.S. Constitution, which are not limited by the procedures available under the Administrative Procedure Act ("APA"), and (2) even Plaintiffs' APA claims may warrant discovery under the standards set forth in *Dep't of Commerce v. New York*, 588 U.S. 752, 785 (2019) (holding that extra-record discovery may be necessary, *inter alia*, where there is "an explanation for agency action that is incongruent with what the record reveals about the agency's priorities and decisionmaking process").[2] But Plaintiffs remain interested in an expeditious resolution of this case without unnecessary delay, and therefore reserve judgment on whether discovery will be necessary until after they have seen the Administrative Record and Defendants'

---

[2] Plaintiffs will address Defendants' argument, below, that this matter is subject to channeling as a personnel challenge subject to the Civil Service Reform Act—an argument that is inconsistent with several recent First Circuit decisions—when it is properly before this Court.

Initial Disclosures (including whether Defendants intend to rely on extra-record evidence to support their case-in-chief). Review of those materials may obviate or at least narrow the scope of any dispute about the availability of discovery in this matter. Accordingly, Plaintiffs believe it would serve the interests of judicial economy and comport with the Supreme Court's guidance in *Dep't of Commerce* for the Court to entertain any dispute about the availability and scope of extra-record discovery after the parties have exchanged Initial Disclosures and the Government has filed a certified copy of the Administrative Record. Accordingly, Plaintiffs propose the following schedule for the initiation of any discovery:

- December 5, 2025: Defendants will file a certified copy of the Administrative Record

- December 22, 2025: Plaintiffs, upon review and consideration of the Administrative Record (together with Defendants' Initial Disclosures), will file: (i) a motion to supplement the Administrative Record and/or (ii) briefing on the necessity, availability, and scope of discovery, or (iii) a notice that Plaintiffs are satisfied with the Administrative Record. If appropriate, the Court may consider requiring the parties to confer again on scheduling, any limits on discovery, and issues surrounding the protection of privilege and disclosure of electronically stored information.

**Defendants' Position:** This is at bottom a challenge to the removal or reassignment of agency personnel, which is categorically channeled away from district court review. And even when appropriately channeled, such actions are to be brought by affected agency personnel, not third parties. But if the Court disagrees and concludes that this case does fall within district court jurisdiction, then it could only be an APA case, which is subject to record review. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973). The parties' dispute arises over whether extra-record discovery is appropriate because Plaintiffs bring constitutional claims and could potentially invoke the extra-record discovery "exception." *Dep't of Commerce*, 588 U.S. at 781.

Setting aside the merits of Plaintiffs' constitutional claims—which can be addressed in cross-motions for summary judgment—Plaintiffs' constitutional claims are not different in kind from their APA claims and thus can be resolved on the same record as the APA claims. Plaintiffs bring three APA claims, and at least two expressly implicate constitutional issues like *ultra vires* actions (in excess of statutory authority) and "contrary to constitutional power." *See* ECF No. 1 at ¶¶ 76–83 (Count I – APA violation alleged, arbitrary and capricious, not in accordance with law, in excess of statutory authority); ¶¶ 84–85 (Count II – APA violation alleged, contrary to constitutional power); ¶¶ 86–87 (Count III – APA violation alleged, unlawfully withheld and unreasonably delayed agency action). Counts IV and V—Plaintiffs' two constitutional counts—overlap with the APA claims by raising issues of "*Ultra Vires* Conduct in Excess of the Statutory Authority" and "Contravention of the Constitutional Separation of Powers." *Id.* at ¶¶ 88–95. Because the constitutional claims and the APA claims address the same issues and questions, they can be resolved on the same record.

Plaintiffs' cite to *Department of Commerce v. New York*, 588 U.S. 752 (2019), does not justify extra-record discovery. In *Department of Commerce*, the Supreme Court reiterated the "settled" proposition that "in reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Id.* at 780. The Supreme Court explained that extra-record discovery "may be warranted" on a "strong showing of bad faith or improper behavior." *Id.* at 781 (quotation omitted). Indeed, in *Department of Commerce*, the Supreme Court called the district court's invocation of the extra-record discovery exception "premature" and agreed "with the Government that the [d]istrict [c]ourt should not have ordered [it] when it did." *Id.* at 781–82. It would likewise be premature for the Court to set a case schedule that contemplates extra-record discovery before a record has even been certified and produced, and where there has been no evidence or suggestion of bad faith or improper behavior—much less a strong showing.

Accordingly, Defendants propose the following schedule:

- December 5, 2025: Defendants shall file a certified copy of the Administrative Record

### D. Expert Discovery

The parties agree that expert discovery will not be necessary in this case.

### E. Dispositive Motions

**Plaintiffs' Position:** Plaintiffs propose that a briefing schedule for dispositive motions be set following the exchange of initial disclosures, the filing of the Administrative Record, and the disposition of any disputes about the completeness of the Administrative Record and the availability and scope of any discovery (as discussed above):

- Three (3) weeks after (i) final resolution of any motion to supplement the Administrative Record (*i.e.*, the date of an order denying the motion to supplement or the date the Government supplements the record as ordered, whichever applies); or (ii) final resolution of any disputes about the proper scope of discovery (*i.e.*, the date of an order denying discovery or the date discovery is completed as required, whichever applies); or (iii) Plaintiffs provide notice to the Court that it does not contest the Administrative Record, Plaintiffs will file a motion for summary judgment.

- Three weeks after Plaintiffs' summary judgment motion is filed, Defendants will file a cross-motion for summary judgment.

- Two weeks after Defendants' cross-motion for summary judgment is filed, Plaintiffs will file an opposition to Defendants' motion.

- Two weeks after Plaintiffs' opposition to Defendants' motion is filed, Defendants will file an opposition to Plaintiffs' motion.

Plaintiffs submit that it would be wholly inappropriate, as Defendants urge, for the Court to decide that Plaintiffs are *not* entitled to move to supplement the Administrative Record or seek discovery, without first seeing the Administrative Record and without briefing from the parties (which this Statement is not meant to be).  As noted above, Plaintiffs believe this should be briefed and decided if and when it is ripe.

**Defendants' Position:** For the reasons stated above, Defendants believe that any summary judgment motion should be decided on a certified Administrative Record if this Court concludes it has jurisdiction over this case.  Accordingly, Defendants propose the following schedule—which aligns with Plaintiffs' timeline but omits any motion to supplement the Administrative Record:

- December 5, 2025: Defendants shall file a certified copy of the Administrative Record.

- December 26, 2025: Plaintiffs shall file a motion for summary judgment.

- January 16, 2026: Defendants shall file their response in opposition to Plaintiffs' motion for summary judgment, as well as their combined cross-motion for summary judgment and motion to dismiss.

- January 23, 2026: Plaintiffs shall file their response in opposition to Defendants' combined cross-motion for summary judgment and motion to dismiss and their reply in support of their motion for summary judgment.

-  February 6, 2026: Defendants shall file their reply in support of their combined cross-motion for summary judgment and motion to dismiss.

**III.    Other**

The parties do not consent to trial by Magistrate Judge.

Dated: November 13, 2025                    Respectfully submitted,

/s/Kyle R. Freeny
Kyle R. Freeny
DC Bar No. 1684764 (admitted *pro hac vice*)
WASHINGTON LITIGATION GROUP
1717 K Street NW
Washington, DC 20006
Telephone: (202) 521-8750
KFreeny@WashingtonLitigationGroup.org

Ana Muñoz
(Mass. Bar No. 569233)
ZALKIND DUNCAN & BERNSTEIN LLP
2 Oliver Street, Suite 200
Boston, MA 02110
Telephone: (617) 742-6020
AMunoz@ZalkindLaw.com

*Counsel for Plaintiffs*

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director
Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*Attorney for Defendants*

November 13, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all attorneys of record by electronic filing on the above date.

/s/ *Kyle R. Freeny*
Kyle R. Freeny