**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ETHICAL SOCIETY OF POLICE; NAACP ST. LOUIS COUNTY; MISSIONARY BAPTIST STATE CONVENTION OF MISSOURI; TWO WRASSLIN' CATS ACCORD; OUT ACCOUNTABILITY PROJECT; BERKSHIRE RESOURCES FOR INTEGRATION OF DIVERSE GROUPS AND EDUCATION; NAACP STATE CONFERENCE COLORADO-MONTANA-WYOMING; PEACEMAKERS LODGE; PIKES PEAK SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE 1; WELLSPRING HEALTH ACCESS; and HAITIAN COMMUNITY HELP & SUPPORT CENTER,

    *Plaintiffs*,

 v.

PAMELA J. BONDI, in her official capacity as Attorney General of the United States; and U.S. DEPARTMENT OF JUSTICE,

    *Defendants*.

Case No. 25-CV-13115 (IT)

<u>**MOTION FOR PRELIMINARY INJUNCTION**</u>

Plaintiffs Ethical Society of Police, NAACP St. Louis County, Missionary Baptist State Convention of Missouri, Two Wrasslin' Cats Accord, Out Accountability Project, Berkshire Resources for Integration of Diverse Groups and Education ("BRIDGE"), NAACP State Conference Colorado-Montana-Wyoming, Peacemakers Lodge, Pikes Peak Southern Christian Leadership Conference 1, Wellspring Health Access, and Haitian Community Help & Support Center hereby respectfully move, pursuant to Fed. R. Civ. P. 65 and D. Mass. L.R. 7.1, for a Preliminary Injunction to enjoin Defendants from further implementing the elimination, dissolution, and/or closure of the Community Relations Service ("CRS") and to direct

Defendants to return Plaintiffs to the status quo ante before the unlawful shuttering of CRS. This includes an order directing Defendants to rescind the unlawful Reduction in Force ("RIF") of CRS employees that went into effect October 31, 2025, as a result (in Defendants' own words) of the "dissolution" of CRS.

As set forth in detail in the accompanying Memorandum of Law (including numerous declarations submitted therewith), Plaintiffs have established that (i) they are likely to succeed on their claims under the Administrative Procedure Act and U.S. Constitution; (ii) they will suffer irreparable harm without a preliminary injunction; and (iii) the interests of the public and the balance of the equities weigh heavily in favor a preliminary injunction to prevent ongoing irreparable harm during the pendency of this case.

WHEREFORE, Plaintiffs respectfully request that the Court immediately enter a preliminary injunction (a) to enjoin Defendants, together with their employees, agents, and anyone acting in concert with them, from: (i) enforcing or implementing the decision to "eliminate the Community Relations Service (CRS) and its functions," as memorialized in the Office of Management and Budget's Technical Supplement to the President's FY 2026 budget request and in the Department of Justice's FY 2026 Budget and Performance Summary dated June 13, 2025; and (ii) taking any further actions to eliminate, dissolve, or otherwise dismantle CRS or its functions; (b) directing Defendants to take all necessary steps to restore Plaintiffs to the status quo prior to their unlawful dismantling of CRS, including by (i) resuming services to Plaintiffs, and (ii) rescinding the unlawful RIF of CRS employees that went into effect on October 31, 2025, and taking all necessary steps to restore those employees to service.

A proposed Preliminary Injunction is submitted herewith.

Dated: November 25, 2025

Respectfully Submitted,

*/s/ Kyle R. Freeny*
Kyle R. Freeny
(DC Bar No. 1684764 – *admitted pro hac vice*)
WASHINGTON LITIGATION GROUP
1717 K Street NW
Washington, DC 20006
Telephone: (202) 521-8750
KFreeny@WashingtonLitigationGroup.org

Ana Muñoz
(Mass. Bar No. 569233)
ZALKIND DUNCAN & BERNSTEIN LLP
2 Oliver Street, Suite 200
Boston, MA 02110
Telephone: (617) 742-6020
AMunoz@ZalkindLaw.com

*Counsel for Plaintiffs*

November 25, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all attorneys of record by electronic filing on the above date.

*/s/ Kyle R. Freeny*
Kyle R. Freeny

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1

I, Kyle R. Freeny, certify that, between November 13 and November 18, 2025, I conferred with Abby Stout, counsel of record for Defendants, about this motion. Ms. Stout indicated on November 18, 2025, that Defendants would timely oppose any motion for a preliminary injunction.

*/s/ Kyle R. Freeny*
Kyle R. Freeny