UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ETHICAL SOCIETY OF POLICE; NAACP ST. LOUIS COUNTY; MISSIONARY BAPTIST STATE CONVENTION OF MISSOURI; TWO WRASSLIN' CATS ACCORD; OUT ACCOUNTABILITY PROJECT; BERKSHIRE RESOURCES FOR INTEGRATION OF DIVERSE GROUPS AND EDUCATION; NAACP STATE CONFERENCE COLORADO-MONTANA-WYOMING; PEACEMAKERS LODGE; PIKES PEAK SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE 1; WELLSPRING HEALTH ACCESS; and HAITIAN COMMUNITY HELP & SUPPORT CENTER,<br><br>*Plaintiffs*,<br><br>v.<br><br>PAMELA J. BONDI, in her official capacity as Attorney General of the United States; and U.S. DEPARTMENT OF JUSTICE,<br><br>*Defendants*. | Case No. 25-CV-13115 (IT) |

**[PROPOSED] PRELIMINARY INJUNCTION**

This matter comes before the Court on Plaintiffs' Motion for Preliminary Injunction. Having reviewed Plaintiffs' Complaint and the Memorandum of Law, declarations, and other evidence and argument submitted in support of the Motion, as well as Defendants' opposition thereto, and in accordance with Federal Rule of Civil Procedure 65, and for good cause shown, the Court finds that Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction. Plaintiffs have established (1) a substantial likelihood of success on the merits of their claims, (2) that they will be irreparably harmed absent a preliminary injunction, and (3) that the public interest and balance of the equities strongly favor entry of a preliminary injunction.

-2-

It is hereby ORDERED that a PRELIMINARY INJUNCTION is ENTERED in this case. It is further ORDERED that:

1) Defendants, together with their employees, agents, and anyone acting in concert with them, are ENJOINED from:

    a) enforcing or implementing the decision to "eliminate the Community Relations Service (CRS) and its functions," as memorialized in the Office of Management and Budget's Technical Supplement to the President's FY 2026 budget request and in the Department of Justice's FY 2026 Budget and Performance Summary dated June 13, 2025;

    b) taking any further actions to eliminate, dissolve, close, or otherwise dismantle CRS or its functions;

2) Defendants shall take all necessary steps to restore Plaintiffs to the status quo prior to the unlawful dismantling of CRS, including by

    a. resuming services to Plaintiffs;

    b. rescinding the unlawful RIF of CRS employees that went into effect on October 31, 2025, and restoring affected employees to their status before the above-referenced RIF.

3) The Court, in its discretion, waives the requirement for Plaintiffs to post bond under Federal Rule of Civil Procedure 65(c).

**SO ORDERED.**

  _____
  United States District Judge Talwani