**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ETHICAL SOCIETY OF POLICE, *et al.*,

        Plaintiffs,

  v.

PAMELA J. BONDI, in her official
capacity as Attorney General of the United
States, *et al*.,

        Defendants.

No. 1:25-cv-13115-IT

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO
COMPEL COMPLETION OF ADMINISTRATIVE RECORD, PRODUCTION OF
PRIVILEGE LOG, AND FOR LIMITED DISCOVERY**

**<u>TABLE OF CONTENTS</u>**

INTRODUCTION ................................................................................................. 1

ARGUMENT ....................................................................................................... 2

I.     THE ADMINISTRATIVE RECORD IS COMPLETE AND PROPERLY
EXCLUDES PRIVILEGED DOCUMENTS. .................................................... 2

     a.     The Administrative Record is complete and properly excludes privileged
documents ........................................................................................... 2

     b.     Plaintiffs cannot show the Administrative Record is incomplete because
their remaining arguments fail ................................................................ 7

     c.     The Court should deny Plaintiffs' request for a privilege log ............................ 10

II.     PLAINTIFFS ARE NOT ENTITLED TO LIMITED DISCOVERY. ............................ 12

III.     IF THE COURT FINDS THE ADMINSITRATIVE RECORD INCOMPLETE,
THEN IT SHOULD ORDER DEFENDANTS TO SUPPLEMENT THE
RECORD RATHER THAN ORDERING DISCOVERY ................................................. 17

# TABLE OF AUTHORITIES

**CASES**

*Ad Hoc Metals Coalition v. Whitman*,
 227 F. Supp. 2d 134 (D.D.C. 2002)……………………………………………………3

*Am. Canoe Ass'n v. EPA*,
 46 F. Supp. 2d 473 (E.D. Va. 1999)……………………………………………………14

*Am. Library Ass'n v. Sonderling*,
Case No. 1:25-cv-01050-RJL (D.D.C. July 15, 2025)……………………………………7

*Amfac Resorts v. U.S. Dep't of the Interior*,
 143 F. Supp. 2d 7 (D.D.C. 2001)…………………………………………………………3

*Assembly of State of Cal. v. U.S. Dep't of Com.*,
968 F.2d 916 (9th Cir. 1992)…….………………………………………………………...5

*Atieh v. Riordan*,
727 F.3d 73 (1st Cir. 2013) …………………………………………………………..12, 13

*Blue Ocean Inst. v. Gutierrez*,
 503 F. Supp. 2d 366 (D.D.C. 2007) …………………………………………………………3

*Camp v. Pitts*,
 411 U.S. 138 (1973) ……………………………………………………...........12, 18

*Carter v. U.S. Department of Commerce*,
 307 F.3d 1084 (9th Cir. 2002) …………………………………………………………5

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
 401 U.S. 402 (1971) …………………………………………………………………..13

*Cmty. for Creative Non-Violence v. Lujan*,
 908 F.2d 992 (D.C. Cir. 1990) …………………………………………………………14

*Comprehensive Cmty. Dev. Corp. v. Sebelius*,
 890 F. Supp. 2d 305 (S.D.N.Y. 2012) …………………………………………………...13

*Dep't of Commerce v. New York*,
 588 U.S. 752 (2019) ………………………………………………………14, 15, 16, 18

*Gen. Elec. Co. v. Jackson*,

595 F. Supp. 2d 8 (D.D.C. 2009) …………………………………………………………3

*Fla. Power & Light v. Lorion*,
   470 U.S. 729 (1985)……………………………………………………………………..18

*FTC v. Owens-Corning Fiberglas Corp.*,
   626 F.2d 966 (D.C. Cir. 1980) ……………………………………………………………14

*In re Sealed Case*,
   121 F.3d 729 (D.C. Cir. 1997) ……………………………………………………………4

*In re U.S. Dep't of Def. & U.S. Envtl. Prot. Agency Final Rule*,
   No. 15-3751, 2016 WL 5845712 (6th Cir. Oct. 4, 2016) ……………………………..4

*Int'l Junior Coll. of Bus. & Tech., Inc. v. Duncan*,
   937 F. Supp. 2d 202 (D.P.R. 2012), *aff'd*, 802 F.3d 99 (1st Cir. 2015) ……………..13

*Little Co. of Mary Hosp. v. Sebelius*,
   587 F.3d 849 (7th Cir. 2009) ……………………………………………………13, 14

*NLRB v. Sears, Roebuck & Co.*,
   421 U.S. 132 (1975) ……………………………………………………………………4

*Norris & Hirshberg, Inc. v. SEC*,
   163 F.2d 689 (D.C. Cir. 1947) ……………………………………………………………3

*NVE Inc. v. HHS*,
   436 F.3d 182, 195 (3d Cir. 2006) ………………………………………………………13

*Oceana, Inc. v. Ross*,
   920 F.3d 855 (D.C. Cir. 2019) ……………………………………………………..3, 10

*Off. of Foreign Assets Control v. Voices in Wilderness*,
   382 F. Supp. 2d 54 (D.D.C. 2005) ……………………………………………………...13

*Roe v. Mayorkas*,
   No. 22-CV-10808-ADB, 2024 WL 5198705 (D. Mass. Oct. 2, 2024) ……………….10

*San Luis Obispo Mothers for Peace v. NRC*,
   789 F.2d 26 (D.C. Cir. 1986) ……………………………………………………..3, 4

*Tafas v. Dudas*,
   530 F. Supp. 2d 786 (E.D. Va.)…………………………………………………………..3, 4

*Tex. Rural Legal Aidv. Legal Servs. Corp.*,

940 F.2d 685 (D.C. Cir. 1991) …………………………………………...13, 14

*TOMAC v. Norton*,
193 F. Supp. 2d 182 (D.D.C. 2002)…………………………………………9

*Town of Norfolk v. Army Corps of Eng'rs*,
968 F.2d 1438 (1st Cir. 1992) …………………………………..…2, 3, 4, 11, 15

*Town of Norfolk v. U.S. Army Corps of Eng'rs*,
137 F.R.D. 183 (D. Mass. 1991) *aff'd*, 968 F.2d 1438 (1st Cir. 1992) ………………2

*Univ. of Cal. Student Ass'n v. McMahon*,
No. 25-354, 2025 U.S. Dist. LEXIS 132740 (D.D.C. Mar. 18, 2025) ………………13

**STATUTES**
5 U.S.C. § 706…………………………………………………………..9, 12, 13

**RULES**
Fed. R. Civ. P. 26(a)(1)…………………………………………………16, 17

## INTRODUCTION

Plaintiffs move to supplement the administrative record and seek discovery. But Plaintiffs' theory rests on a house of cards. At bottom, Plaintiffs point to privileged documents that were excluded from the administrative record and argue their absence makes the administrative record incomplete. They point to the same excluded documents to justify their request for a privilege log. And they again point to the same excluded documents to try and seek discovery. But Plaintiffs' foundational premise that suggests there is something wrong with excluding privileged documents from the administrative record is fundamentally incorrect. First Circuit precedent is clear: Agencies may exclude documents protected by the deliberative process privilege from the administrative record. *See Town of Norfolk v. Army Corps of Eng'rs*, 968 F.2d 1438, 1455-58 (1st Cir. 1992). Accordingly, Defendants properly excluded privileged documents from the administrative record, and Plaintiffs' arguments fold on themselves. Removing Plaintiffs' reliance on the privileged documents removes any basis for Plaintiffs' objection that the administrative record is incomplete.

Plaintiffs' backup theory is their merits one: Because Defendants are allegedly trying to eliminate CRS, Plaintiffs argue, the administrative record must contain more documents and discovery is required to gather these documents. But this theory requires the Court to assume the truth of Plaintiffs' merits argument (that Defendants eliminated or are seeking to eliminate CRS) and still seeks license to conduct a fishing expedition to see if the documents that they speculate exist do exist. Both arguments are improper and freewheeling, untethered to the actual standards for supplementation of the administrative record or discovery, and do not prove that the administrative record is incomplete or requires supplementation. And neither argument justifies departing from the general rule that agencies may exclude privileged documents from the

administrative record in any event. Plaintiffs are free to argue that the record is insufficient and judgment should be entered for them because the action is arbitrary and capricious. But their dissatisfaction with the record is not grounds for supplementation or discovery.

Relatedly, Plaintiffs' discovery arguments run into another fundamental flaw: Plaintiffs cannot prove bad faith. Discovery is generally not permitted in APA cases. There is a very narrow exception for when a plaintiff makes a strong showing that the agency acted in or engaged in bad faith or improper behavior. But Plaintiffs have not attempted to make such a showing here. Instead, they point to documents that were excluded based on privilege and again point to their merits argument that Defendants eliminated or are attempting to eliminate CRS. But neither of these arguments amounts to bad faith and neither justifies the extraordinary step of authorizing discovery in an APA case.

The Court should deny Plaintiffs' motion. But in the event the Court does find the record is incomplete or requires supplementation, it should order Defendants to produce the seven memoranda authored by Mr. Julius Nam ("Nam Memoranda") that Plaintiffs identify and order Defendants to provide a privilege log. The Court should deny Plaintiffs' request for discovery where Plaintiffs altogether failed to make the necessary showing of bad faith.

## **ARGUMENT**

### I.    THE ADMINISTRATIVE RECORD IS COMPLETE AND PROPERLY EXCLUDES PRIVILEGED DOCUMENTS.

#### a.  The Administrative Record is complete and properly excludes privileged documents.

Although an administrative record generally consists of "all documents and materials directly or indirectly considered by [the] agency decision-makers," *Town of Norfolk v. U.S. Army Corps of Eng'rs*, 137 F.R.D. 183, 185 (D. Mass. 1991) aff'd, 968 F.2d 1438 (1st Cir. 1992), there

are still limits on what should be included. Privileged materials, including materials that are covered by the deliberative process privilege, are generally excluded from the administrative record. *See San Luis Obispo Mothers for Peace v. NRC*, 789 F.2d 26, 44-45 (D.C. Cir. 1986) (*en banc*) (refusing to supplement the record to consider transcripts of deliberative agency proceedings); *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("[A]bsent a showing of bad faith or improper behavior, '[a]gency deliberations not part of the record are deemed immaterial.'" (second alteration in original)); *Town of Norfolk*, 968 F.2d at 1455-58 (upholding omission of documents on attorney-client and deliberative process privilege grounds); *Norris & Hirshberg, Inc. v. SEC*, 163 F.2d 689, 693 (D.C. Cir. 1947) ("internal memoranda made during the decisional process . . . are never included in a record"); *Gen. Elec. Co. v. Jackson*, 595 F. Supp. 2d 8, 18 (D.D.C. 2009) (rejecting argument that the agency's "practice of excluding irrelevant and pre-decisional deliberative documents from the administrative record results in a skewed record," because "irrelevant documents *should* be excluded from the record," and "an agency generally may exclude material that reflects internal deliberations" (quotation omitted); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) ("A complete administrative record, however, does not include privileged materials, such as documents that fall within the deliberative process privilege, attorney-client privilege, and work product privilege."); *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 372-73 (D.D.C. 2007) (denying motion to compel completion of administrative record, finding that deliberative documents "are not a part of the administrative record when an agency decision is challenged as arbitrary and capricious"); *Ad Hoc Metals Coalition v. Whitman*, 227 F. Supp. 2d 134, 143 (D.D.C. 2002) ("Judicial review of agency action should be based on an agency's stated justifications, not the predecisional process that led up to the final, articulated decision."); *Amfac Resorts v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 13 (D.D.C. 2001)

("deliberative intra-agency memoranda and other such records are ordinarily privileged, and need not be included in the record"). The "deliberative process privilege" shields communications between agency policymakers and their advisors—so long as those communications are both "predecisional" and "deliberative." *In re Sealed Case,* 121 F.3d 729, 737 (D.C. Cir. 1997).

Excluding privileged materials is done for good reason: The exclusion of deliberative materials from the administrative record pursuant to the deliberative process privilege "encourag[es] uninhibited and frank discussion of legal and policy matters" and "prevent[s] injury to the quality of agency decisions." *Tafas*, 530 F. Supp. 2d at 794 (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-52 (1975)). "Requiring the inclusion of deliberative materials in the administrative record would pressure agencies to conduct internal discussions with judicial review in mind, rendering 'agency proceedings . . . useless both to the agency and to the courts.'" *Id.* (quoting *San Luis Obispo*, 789 F.2d at 44-45); *see also In re U.S. Dep't of Def. & U.S. Envtl. Prot. Agency Final Rule*, No. 15-3751, 2016 WL 5845712, at *2 (6th Cir. Oct. 4, 2016) ("Deliberative process materials are generally exempted from inclusion in the record in order to protect the quality of agency decisions by ensuring open and candid communications."). Illustratively, the D.C. Circuit has noted that this privilege is intended to shield agency deliberations in the same way that judicial deliberations are protected from disclosure. *See San Luis Obispo*, 789 F.2d at 44-45 ("We think the analogy to the deliberative processes of a court is an apt one. Without the assurance of secrecy, the court could not fully perform its functions.").

Consistent with First Circuit precedent and the general rule, Defendants did not include documents protected by the deliberative process privilege in the administrative record. *See Town of Norfolk*, 968 F.2d at 1455-58. Plaintiffs cite two categories of documents that they say make the administrative record incomplete: (1) the seven Nam Memoranda, *see* ECF 67 at 6 and (2) email

correspondence about the CRS realignment, *see* ECF 67 at 7-8. But both categories are comprised of privileged documents and therefore were properly excluded.

"To fall within the deliberative process privilege, a document must be both 'predecisional' and 'deliberative.'" *Carter v. U.S. Department of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002). "A predecisional document is one prepared in order to assist an agency decisionmaker in arriving at his decision." *Assembly of State of Cal. v. U.S. Dep't of Com.*, 968 F.2d 916, 920 (9th Cir. 1992) (quotation omitted). And "[a] predecisional document is a part of the deliberative process, if the disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Carter*, 307 F.3d at 1089.

The seven Nam Memoranda were all deliberative and predecisional in nature—as evidenced by Plaintiffs' own descriptions of them. *See* ECF 67 at 6. Crediting Plaintiffs' own descriptions, the memoranda were created in response to and as a part of the internal decision-making about the CRS realignment as it was ongoing. For example, one memorandum included "recommend[ations]" about the new CRS structure. *Id.* Two memoranda are two versions of the same document—each created months apart from each other—and contained "proposed steps that DOJ could take to utilize CRS's contributions in a way that is consistent with the Administration's goals and priorities." *Id.* Yet another provided "feedback" in the wake of the announcement of DOJ's reorganization plan. *Id.* Discussions and documents about proposed steps, feedback, and recommendations strike at the heart of the deliberative process privilege. When an agency is engaging in decision-making, some proposals and recommendations may be accepted. Others may not. Either way, these internal deliberations are protected and privileged to permit an agency to engage in candid discussion before a final decision is made. *See Carter*, 307 F.3d at 1089. These

seven memoranda—which were written to further deliberations, provide feedback, and make recommendations—are warrant the deliberative process protection.

The same reasoning applies to the emails that Plaintiffs reference. Plaintiffs point to Mr. Nam's assertion that "he wrote, received, and was copied on numerous emails to and from numerous officials about the plan to eliminate CRS." ECF 67 at 8. Setting aside Plaintiffs' misleading rhetoric about the "plan to eliminate CRS," their description of these emails confirms the deliberative and predecisional nature of these communications. The development and discussion of any plan—before it was settled on and finalized—is covered by the deliberative process privilege and thus such email communications should be excluded. A conclusion otherwise would eviscerate the general rule and First Circuit precedent that exclude privileged documents from the administrative record and make APA cases no different than civil discovery in any other civil case in which the Federal Rules of Civil Procedure apply. And including a declaration from a former government official about discussion that occurred while they were employed by the government employment does not render such less deliberative.[1]

In sum, the two categories of documents that Plaintiffs cite to argue that the administrative record is incomplete—the Nam Memoranda and emails that Mr. Nam was a part of or emails that otherwise discuss the agency's deliberations—were properly excluded as privileged. Thus, the administrative record is complete and Plaintiffs cannot show otherwise.

---

[1] Plaintiffs make a general reference to the deliberative process privilege being "qualified" and "not absolute" but fail to explain why the deliberative process privilege should be pierced here—other than stating that "Defendants' asserted explanations for their actions are . . . in substantial tension—if not downright irreconcilable—with the evidence that is publicly available" without further explanation. ECF 67 at 11. That unadorned statement—which Defendants vigorously contest—is better suited for Plaintiffs' merits arguments; it alone does not justify breaking privilege. *See infra* at 11-12.

### b.  Plaintiffs cannot show the Administrative Record is incomplete because their remaining arguments fail.

Plaintiffs offer a laundry list of reasons for why the "administrative record in this case is incomplete." ECF 67 at 5. But none of them prove their assertion.

*First*, Plaintiffs quibble with the administrative record's certification language, arguing that it fails to include the word "complete." ECF 67 at 5-6. But Plaintiffs' objection amounts to immaterial semantics. The certification is not a "magic words" test, and the word "complete" is not required to be used. Indeed, the certification language used here is standard certification language used in other cases. *See, e.g.*, *Am. Library Ass'n v. Sonderling*, Case No. 1:25-cv-01050-RJL (D.D.C. July 15, 2025) at ECF No. at 55-1 (using the same certification language). And either way, the certification represents what it says—"that this is the list of nonprivileged documents that . . . reflect the administrative record in this matter." Just because the word "complete" is not explicitly used does not mean the record is not complete. To the contrary, it is.[2]

*Second*, Plaintiffs argue that seven memoranda prepared by Mr. Nam should be included in the administrative record. But, as explained *supra* at 5, the seven memoranda prepared by Mr. Nam are protected by the deliberative process privilege and therefore are not an appropriate part of the administrative record.

*Third,* OMB's Technical Supplement to the President's FY2026 Budget and DOJ's Performance Summary were also properly excluded—despite Plaintiffs assertions to the contrary. OMB's Technical Supplement is a document from the Office of Management and Budget and was

---

[2] Plaintiffs' dissatisfaction with the administrative record may be illustrative of the awkward posture of this case. Although Defendants produced an administrative record pursuant to the Court's order, they repeatedly objected because this case does not challenge final agency action that is subject to APA review and Plaintiffs' claims should instead be channeled away from district court review. *See, e.g.*, ECF 31 at 4; ECF 51 at 22-26.

compiled by OMB—not DOJ. *See* ECF 33-1. The Department of Justice is not responsible for that document and did not create the document. Plaintiffs offer no reason why it should be included in the administrative record and because it was not considered as a part of any decisionmaking related to CRS's realignment to EOUSA, it is not a proper part of the record. Similarly, DOJ's FY 2026 Budget and Performance Summary is properly excluded from the administrative record. *See* ECF 33-2. The FY 2026 Budget and Performance Summary is a document that describes the Department's requests for future appropriations and a future fiscal year. Because it was not considered as a part of any decisionmaking related to CRS's realignment to EOUSA, it is not a proper part of the administrative record.[3]

*Fourth*, Plaintiffs assert that the Administrative Record is devoid of "any and all emails." ECF 67 at 7. But, as discussed above, emails developing and discussing the plan for the future of CRS are deliberative and predecisional. Correspondence regarding an agency's deliberations or plans about future actions is at the heart of what is protected by the deliberative process privilege and therefore is not required to be included in an administrative record.

*Fifth*, Plaintiffs assert the administrative record is deficient because it is "devoid of any materials from [the Office of Management and Budget ('OMB')]." ECF 67 at 8. But the Department of Justice—not OMB—developed the plan to realign CRS to EOUSA. It should not be odd that the records of another Department or agency would not be relied on or considered. And the absence of OMB documents does not prove that the current administrative record is incomplete where they were not relied on or considered as a part of the decision to realign CRS.[4]

---

[3] To the extent there are relevant dates or information in these items, Plaintiffs are free to refer to the Court to them.

[4] Mr. Nam's declaration, which alleges that OMB directed the elimination of CRS, does not change the analysis. ECF 66-1 at 6. As an initial matter, the defendant agency bears the

*Sixth*, Plaintiffs assert that Documents 5, 6, and 9 in the administrative record are incomplete because they exclude the cover documentation and that Document 3[5] is "incorrectly identified." ECF 67 at 9. Exclusion of the cover documents for Documents 5, 6, and 9 is proper to account for the confidentiality of congressional staffers and protection of their personal identifying information. More fundamentally, exclusion of such cover documentation is proper because the material, substantive document is included in the administrative record. *See TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) (explaining that an administrative record does not include "every scrap of paper that could or might have been created"); *see also* 5 U.S.C. § 706 ("In making the foregoing determinations, . . . and due account shall be taken of the rule of prejudicial error."). Even so, to make a good faith showing, Defendants are willing to produce the cover pages to Documents 5, 6, and 9, appropriately redacted for confidentiality and personally identifiable information.

As for Document 3, Plaintiffs quibble with the description of the document, arguing that the index's description as being "from both Ms. Nazaire and Mr. Nam" is incorrect because "Mr. Nam was not a co-author" of the document. ECF 67 at 9. As an initial matter, Plaintiffs' dissatisfaction with the document's description is completely irrelevant to whether the administrative record is complete. The document's index description is present merely to serve as a helpful tool for the parties and the Court to reference and navigate a voluminous record. The

---

responsibility of determining what to include in the administrative record—not Plaintiffs or one of Plaintiffs' declarants. But even Mr. Nam, in prior declarations, admits that the "Attorney General" (not OMB) authorized and directed the realignment of CRS to EOUSA, *see* ECF 33-10 at ¶ 30, and refers to the "Justice Department's" decision "that a single employee was sufficient to carry out CRS's statutory functions," *see* ECF 33-11 at ¶ 15. *See also* ECF 33-11 at ¶¶ 3, 14.

[5] Although not referred to as "Document 3," it appears Plaintiffs are referencing the "Implementations Considerations" memorandum listed at Document 3 of the administrative record.

description is immaterial to the actual document itself—which Plaintiffs do not contend is incomplete or inaccurate. But as to the description itself, Plaintiffs make a mountain out of a molehill. Both Ms. Nazaire and Mr. Nam explain that Mr. Nam was involved in the memorandum at issue. *See* ECF 66-1 at 3 (explaining that Ms. Nazaire shared a draft of the memorandum with Mr. Nam and Mr. Nam provided "feedback" and "input on the memorandum . . . , including phrasing suggestions," and "directed" Ms. Nazaire "to remove" certain references); *see* ECF 51-1 at 2 (explaining that Ms. Nazaire "submitted the Implementation Memorandum to [Mr. Nam] for a preliminary review"). Considering both Mr. Nam and Ms. Nazaire's self-proclaimed involvement in the development of the memorandum, and Mr. Nam's active involvement in this litigation, it is not inaccurate to include them both in the document's description to capture everyone who was involved in drafting the memorandum.

### c. The Court should deny Plaintiffs' request for a privilege log.

Plaintiffs assert that Defendants "should be required to produce a privilege log to permit their assertion of privilege to be reviewed." ECF 67 at 10. As the D.C. Circuit has explained, because "predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record." *Oceana, Inc.*, 920 F.3d at 865 (quotations and citations omitted) ("As we have held, on arbitrary and capricious review, absent a showing of bad faith or improper behavior, agency deliberations not part of the record are deemed immaterial."). And "[b]ecause predecisional documents are immaterial, they are not discoverable." *Id.* "A privilege log is required only when a party withholds information otherwise discoverable by claiming that the information is privileged, and since predecisional documents are irrelevant and therefore not otherwise discoverable, they are not required to be placed on a privilege log." *Id.*; *see also Roe v. Mayorkas*, No. 22-CV-10808-ADB,

2024 WL 5198705, at *10-11 (D. Mass. Oct. 2, 2024) (following the D.C. Circuit's reasoning in *Oceana* in light of the First Circuit's precedent that "documents within the deliberative process privilege are not ordinarily considered part of the administrative record").

Plaintiffs do not dispute that privilege logs are usually not required, ECF 67 at 10, or that privileged documents should be excluded from an administrative record, *see Town of Norfolk*, 968 F.2d at 1458–60. Instead, Plaintiffs assert that a privilege log is "appropriate" and "necessary" here "to ensure that overbroad assertions of the deliberative process privilege do not serve to shield probative materials from review." ECF 67 at 10. But whether materials are "probative" is not the standard for inclusion in an administrative record. The administrative record represents the nonprivileged documents that an agency asserts it relied on or considered in making its decision. Permitting a plaintiff to conduct a freewheeling inquiry into privilege determinations for the sake of policing privilege determinations would essentially permit plaintiffs to demand privilege logs in every APA case. Plaintiffs cite no special circumstances or limiting principles here that would justify a privilege log.

Plaintiffs also argue that a privilege log is warranted because the "record omits documents Plaintiffs know to exist" and documents that "Plaintiffs themselves have relied upon in this litigation." ECF 67 at 12. But the documents that Plaintiffs "know to exist"—*i.e.*, the seven Nam Memoranda and some emails—are privileged, as explained *supra* at 5-6, and Plaintiffs only know of them by virtue of a former CRS employee who was privy to those privileged documents. Plaintiffs' argument is circular. Plaintiffs cannot use the assertion that the record is incomplete to justify a privilege log where they only point to privileged documents as their "evidence" the record is incomplete. Moreover, whether Plaintiffs rely on certain documents in litigation is irrelevant to

the administrative record analysis or whether a privilege log should be required. The inquiry is whether the agency relied on or considered certain documents—not Plaintiffs.

Finally, Plaintiffs assert without fuller explanation that a privilege log is required because Defendants "advance an explanation for their decisionmaking that is at odds with the existing record in this case." ECF 67 at 12-13. Not so. Although Plaintiffs repeatedly try to assert that CRS is being eliminated, the record instead repeatedly shows that CRS is merely being realigned from being a standalone component to a component within the Executive Office for United States Attorneys ("EOUSA"). *See* ECF 51 at 30-32. For example, the FY 25 Spend Plan, which is included in the administrative record in this case, explains that "the Department's [proposed plan] includes the disestablishment of . . . CRS . . . as [a] standalone components in FY 2026." ECF 47-1 at 0022. The "Implementation Considerations for the Department's Proposed Agency RIF and Reorganization Plan for the Community Relations Service" memorandum, which is included in the administrative record, "offers implementation considerations for the [DOJ's] proposed plan to eliminate [CRS] as a stand-alone component and transfer CRS's statutory functions to [EOUSA]." ECF 47-1 at 0269. And the "Implementation of the Fiscal Year (FY) 2025 Agency Reduction in Force (RIFs) and Reorganization Plan (ARRP)" memorandum, which is also included in the administrative record, explained that "CRS's functions will be realigned to [EOUSA]." ECF 47-1 at 0288. No artificially created inconsistency exists that would justify a privilege log in this case.

More to the point, if Plaintiffs want to press arguments about inconsistencies in the record, they may do so. They can argue that the record is insufficient and that judgment should be entered for Plaintiffs because the action is arbitrary and capricious.  But their dissatisfaction with the record is not grounds for supplementation or, as noted below, discovery.

## II.    PLAINTIFFS ARE NOT ENTITLED TO LIMITED DISCOVERY.

In general, discovery is not available under the APA, which provides that "the court shall review the whole record or those parts of it cited by a party[.]" 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made in the reviewing court."); *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) ("APA review, however, involves neither discovery nor trial."). "[T]he narrowness of the APA action for judicial review weighs heavily against discovery." *Int'l Junior Coll. of Bus. & Tech., Inc. v. Duncan*, 937 F. Supp. 2d 202, 204-05 (D.P.R. 2012), *aff'd*, 802 F.3d 99 (1st Cir. 2015).

"This limit on discovery, which flows from the text of the APA itself, *see* 5 U.S.C. § 706, stands in stark contrast to the Court's broad discretion to order discovery under Federal Rule of Civil Procedure 26 in non-APA cases." *Univ. of Cal. Student Ass'n v. McMahon*, No. 25-354, 2025 U.S. Dist. LEXIS 132740, at *5 (D.D.C. Mar. 18, 2025). "It reflects Congress's judgment that the civil discovery rules are incompatible with the APA, and their application to federal agencies would likely hinder the workings of another branch of government." *Id.*; *see Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). "Were the rule otherwise, every challenge to administrative action would turn into a fishing expedition into the motives of the defendant agency." *Off. of Foreign Assets Control v. Voices in Wilderness*, 382 F. Supp. 2d 54, 63 (D.D.C. 2005). *See also NVE Inc. v. HHS*, 436 F.3d 182, 195 (3d Cir. 2006) ("There is a strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process."). Accordingly, in the APA context, "the standard discovery tools of civil litigation—including depositions, interrogatories, and, germane

here, wide-ranging document production []—do not apply." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012).

Ordinarily, "discovery should not be permitted on [a party's] arbitrary and capricious claim unless [it] can demonstrate unusual circumstances justifying a departure from this general rule." *Tex. Rural Legal Aidv. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991). *See also Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 856 (7th Cir. 2009) (noting "the general rule that discovery outside of the administrative record is inappropriate."); *Am. Canoe Ass'n v. EPA*, 46 F. Supp. 2d 473, 476-77 (E.D. Va. 1999) (generally, it is "irrational to expand discovery beyond the administrative record").

Limited discovery "may" permitted in APA cases where there has been a "strong showing of bad faith or improper behavior." *Dep't of Commerce v. New York*, 588 U.S. 752, 781 (2019) (quotation omitted). However, when a party accuses an agency of bad faith, the agency is entitled to a presumption of administrative regularity and good faith that must be overcome with evidence. *See FTC v. Owens-Corning Fiberglas Corp.*, 626 F.2d 966, 975 (D.C. Cir. 1980). Thus, to allow discovery because an agency allegedly withheld evidence, there must be a "strong showing of bad faith or improper behavior," and discovery must provide the "only possibility for effective judicial review." *Cmty. for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997 (D.C. Cir. 1990) (citing *Overton Park*, 401 U.S. at 420).

Here, rather than presenting an affirmative showing of bad faith or pretextual decisionmaking, Plaintiffs seek discovery "to probe whether Defendants' explanation is pretextual." ECF 67 at 13 (capitalization altered). But seeking discovery for probing purposes is exactly the type of fishing expedition that is not permitted. Probing for pretext—because Plaintiffs have no proof of any—is neither a strong showing of bad faith nor improper behavior.

14

Plaintiffs also assert that (1) "[e]xtra-record discovery is . . . appropriate . . . given the insufficiency of the administrative record,[6] (2) the fact that the agency's current litigating position is contrary to the public record of their decisionmaking, and (3) the fact that Defendants themselves rely on extra-record testimony from agency officials." ECF 67 at 13. But none of these reasons proves that extra-record discovery is appropriate. *First,* as explained above, Plaintiffs' "insufficiency" claims are almost wholly based on the exclusion of privileged documents from the administrative record—an exclusion that is standard and explicitly permitted under binding First Circuit precedent. *See Town of Norfolk*, 968 F.2d at 1458–60. *Second*, as explained above, Defendants' current litigating position is consistent with—not contrary to—the public record as explained *supra* at 11-12. Plaintiffs cannot manufacture inconsistencies to try and get discovery. And *third*, the two Declarations that Defendants submitted in this case—one in response to Plaintiffs' temporary restraining order ("TRO") motion and one in response to Plaintiffs' preliminary injunction motion—do not justify or entitle Plaintiffs to discovery. Defendants are entitled to use declarations at the interim relief stage to rebut factual assertions and declarations submitted by Plaintiffs.

Even if the Court credits all three of Plaintiffs' reasons, they still would be insufficient for extra-record discovery because none establishes bad faith—which Plaintiffs must prove to obtain discovery. Plaintiffs say that "*Department of Commerce v. New York* is particularly instructive here," ECF 67 at 14. Defendants agree. But it is not instructive in a way that helps Plaintiffs. In

---

[6] Relatedly, Plaintiffs' assert that the government "cherry-pick[ed] . . . materials for inclusion" and excluded "material known to have been before the agency" to say that they are entitled to discovery. ECF 67 at 15. But this is again a disingenuous characterization. All of the materials that Plaintiffs' assert were cherry-picked or excluded are materials that Plaintiffs do not disputed are privileged and therefore are properly excluded from an administrative record. *See Town of Norfolk*, 968 F.2d at 1458–60.

*Department of Commerce*, the Supreme Court reiterated the "settled" proposition that "in reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." 588 U.S. at 780. The Supreme Court explained that extra-record discovery "may be warranted" on a "strong showing of bad faith or improper behavior." *Id.* (quotation omitted). And the Supreme Court ultimately called the district court's invocation of the extra-record discovery exception "premature" and agreed "with the Government that the [d]istrict [c]ourt should not have ordered [it] when it did." *Id.* at 781-82.

Plaintiffs argue that the "administrative record reflects a substantial mismatch between Defendants' characterization of their actions as mere agency 'realignment' and the objective consequences reflected in the record of the case." ECF 67 at 14-15. But that is essentially Plaintiffs' merits argument as well. Namely, Plaintiffs' argument for extra-record discovery rests on their argument that CRS is being "dismantled," which Defendants have always vigorously contested. Plaintiffs cannot prove bad faith by requiring the Court to assume the correctness of their merits arguments. And, as Defendants have explained, *see supra* at 11-12, Plaintiffs' merits argument fails under its own weight. The "objective" facts are that CRS has significantly downsized and moved from being a standalone component to being part of EOUSA. Plaintiffs may dislike the new realignment, disagree with CRS's new approach to providing services, and think that CRS's services are insufficient. And Plaintiffs can bring a lawsuit with legally cognizable claims and arguments to challenge, for example, an alleged failure to provide certain services. But Plaintiffs cannot use the false assertion that CRS has been totally eliminated, *see, e.g.*, ECF 67 at 15, and label that an inconsistency in the record that rises to the level of bad faith to obtain the extraordinary step of discovery in an APA case.

Plaintiffs' also argue that extra-record discovery "is appropriate in light of Defendants' own use of extra-record evidence themselves." ECF 67 at 16. But Plaintiffs' argument does not follow. Defendants have consistently maintained that discovery and initial disclosures are improper in this case and that this case should be decided on questions of law. Despite their objections, the Court ordered that "[i]nitial disclosures required by Fed. R. Civ. P. 26(a)(1)" "must be completed." ECF 37 at 1. So Defendants complied with the Court's order while maintaining their objections. *See* ECR 66-2 at 1 (objecting to initial disclosures under the Federal Rules of Civil Procedure and "for the reasons stated in the Parties' Joint Scheduling Statement, *see* ECF No. 31"); *see also* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting "an action for review on an administrative record" from initial disclosure).

Defendants should not be penalized for complying with the Court's order and the Federal Rules of Civil Procedure. Such compliance in and of itself does not subject Defendants to discovery in an APA case under any standard. Despite this, Plaintiffs now attempt to use Defendants' compliance with the Court's order against them—somehow arguing that Defendants are trying to "have it both ways" by identifying certain officials and "rely[ing]" on them while seeking to insulate them "from adversarial testing." ECF 67 at 17. That argument is manifestly inaccurate and belied by the record. Defendants are not trying to rely on any extra-record evidence. The only reason that Defendants identified certain officials and completed initial disclosures is because the Court ordered them to. Defendants have maintained their objections to any kind of discovery at every step. *See* ECF 31 (opposing discovery). In other words, Defendants do not seek to "rely . . . on extra-record evidence" or officials, ECF 67 at 17, and continue to oppose discovery. It is *Plaintiffs* who requested initial disclosures and are requesting extra-record discovery. Indeed,

denying Plaintiffs' request for discovery would resolve any fear that Plaintiffs may have that Defendants' will rely on such extra-record evidence. The Court should do so.

### III.    IF THE COURT FINDS THE ADMINISTRATIVE RECORD INCOMPLETE, THEN IT SHOULD ORDER DEFENDANTS TO SUPPLEMENT THE RECORD RATHER THAN ORDERING DISCOVERY.

In the event the Court finds the administrative record to be incomplete or require supplementation, then Defendants respectfully request that it deny Plaintiffs' request for discovery and order only remand, the production of the seven Nam Memoranda, and the production of a privilege log.

Where the record is found to be inadequate by the court, the usual remedy is a remand to the agency for a better explanation. *Fla. Power & Light v. Lorion*, 470 U.S. 729, 744 (1985) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."); *Dep't of Commerce*, 588 U.S. at 782-82 (affirming the lower court's decision to remand to the agency for additional explanation where the Supreme Court found the given rationale for agency action was pretextual); *Camp*, 411 U.S. at 143 (remanding to agency for it to give additional explanations for its action).

Remand would largely accomplish what Plaintiffs are seeking: additional information. Although the government is typically not required to produce a privilege log to describe deliberative materials that were excluded from the administrative record, if the Court finds that Plaintiffs have carried their burden and supplementation is necessary, the Court could order Defendants to produce a privilege log, which would provide a fuller explanation for why certain documents were not produced due to privilege. And, if the Court rejects or overcomes Defendants' assertions of deliberative process privilege, then the Court could order the production of the production of the seven Nam Memoranda.

Either way, the Court should deny Plaintiffs' request for extra-record discovery. Plaintiffs have not met their heavy burden to prove bad faith or improper behavior. Indeed, their main argument that discovery is needed is that the administrative record is incomplete. And their main argument that the administrative record is complete is that Defendants did not include privileged documents. Defendants are permitted to exclude privileged documents under First Circuit precedent and at a minimum, Plaintiffs cannot prove bad faith because Defendants excluded such documents as they are entitled to do under circuit precedent. Ordering discovery in the absence of bad faith would obliterate the line between APA cases (which should be decided on the administrative record) and general civil cases (which are subject to the discovery rules of the Federal Rules of Civil Procedure). The Court should not jump to the extraordinary relief of extra-record discovery in light of these flimsy objections that could arise and be asserted in any APA case.

Dated: January 12, 2026                 Respectfully submitted,

                                          BRETT A. SHUMATE
                                          Assistant Attorney General

                                          YAAKOV M. ROTH
                                          Principal Deputy Assistant Attorney General

                                          DIANE KELLEHER
                                        Branch Director
                                          Federal Programs Branch

                                          /s/ *Abigail Stout*
                                          ABIGAIL STOUT
                                          (DC Bar No. 90009415)
                                          *Counsel*
                                          U.S. Department of Justice
                                          Civil Division
                                          950 Pennsylvania Avenue, NW
                                          Washington, DC 20530

Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all attorneys of record by electronic filing on January 12, 2025.

/s/ *Abigail Stout*