IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ETHICAL SOCIETY OF POLICE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PAMELA J. BONDI, in her official capacity as Attorney General of the United States, *et al.*, <br><br> Defendants. | No. 1:25-cv-13115-IT |

## JOINT STATUS REPORT

Pursuant to the Court's order that "[t]he parties shall confer and file a joint status report no later than [January 21, 2026]," the parties submit the following report, setting forth their respective updates and positions, in advance of the status conference set for January 22, 2026. ECF No. 74.

**Defendants' Position**

With this status report, Defendants submit a declaration from Assistant Attorney General Jolene Ann Lauria ("Lauria Decl."). The declaration provides additional information about the current circumstances relevant to the claims advanced by Plaintiffs in this case. Reduction-in-force ("RIF") recission notices were issued on January 9, 2026, to Community Relations Service ("CRS") employees. Lauria Decl. at ¶ 3. Although fourteen CRS employees originally received RIF notices in September 2025, one employee was reassigned to a different position within the Department prior to the effective date of the RIF and was not removed. *Id.* Accordingly, RIF

recission notices were sent to the thirteen CRS employees who were separated by RIF, resignation, or retirement. *Id.*

The notices explain that for each employee, the RIF notice and subsequent separation action effected on October 31, 2025, are being rescinded and each employee is being reinstated as of November 1, 2025.[1] *Id.* at ¶ 4. The CRS employees' reinstated positions will be in the same title, series, and grade that the recipient held on October 31, 2025. *Id.* The notices also explain that the recipient will receive salary and benefits for the pay period starting November 2, 2025, and that the recipient is expected to report to duty on February 9, 2026. *Id.* at ¶¶ 4-5. If the recipient is located in the Washington, D.C. area, the recipient will work at an Executive Office for U.S. Attorneys ("EOUSA") location in the Washington, D.C. area. *Id.* at ¶ 5. If the recipient is located outside of the Washington, D.C. area, EOUSA will identify an appropriate duty station in a facility close to the recipient's location. *Id.*

If a recipient chooses not to report for duty on February 9, 2026, it will be considered a voluntary resignation, and the recipient will be separated from federal service effective February 6, 2026 (which is the end of a pay period). *Id.* at ¶ 6. The choice to report for duty on February 9, 2026, is voluntary and up to each CRS employee. *Id.* at ¶ 7. Whether or not a CRS employee reports for duty on February 9, 2026, the CRS employee will still receive back pay from November 2, 2025, until the date of resignation. *Id.* Any CRS employee who chooses to report for duty on February 9, 2026, will report to CRS, which is now a subcomponent of EOUSA. *Id.* at ¶ 8. CRS will not know until February 9, 2026, how many CRS employees will choose to return to service and report for duty.

---

[1] One CRS employee who received a September RIF notice resigned effective October 11, 2025 (rather than waiting for separation on October 31, 2025). Accordingly, that employee will be reinstated as of October 12, 2025 (rather than November 1, 2025). Lauria Decl. at ¶ 4 n.1.

2

CRS, its functions, and its remaining employee are being realigned from a stand-alone component to a separate unit within EOUSA. The CRS website has been updated with a new telephone number and email address, both of which are now operational. *See* Community Relations Services, Department of Justice Website, https://www.justice.gov/crs. State and local government officials, community leaders, and/or community members (including plaintiff-organizations) may reach out to CRS to request services.

The RIF recission and potentially increased CRS staff do not change Defendants' fundamental position that the Court lacks jurisdiction in this case. *See generally* ECF No. 51 (Defs' PI Opp.). As explained in Defendants' opposition to Plaintiffs' preliminary injunction motion, Plaintiffs lack standing to bring the claims they assert; Plaintiffs' Administrative Procedure Act ("APA") claims fail because they do not seek judicial review of discrete, final agency action; whether to provide particular services and staff an agency at certain levels is committed to CRS discretion by law; Plaintiffs' APA claims fail because they are premised on a false theory that Defendants are unilaterally dissolving CRS; and Plaintiffs' constitutional claims fail. *See id.* Indeed, the RIF recission only supports Defendants' argument that Defendants are not unilaterally dissolving CRS and that Plaintiffs are challenging a mere internal reorganization and realignment—which is within the Department of Justice's discretion to undertake—not final agency action that is reviewable under the APA.

Further, even if the Court construes any of Defendants' actions as final agency action subject to APA review, the RIF recission has mooted any challenge to the RIF itself and, at a minimum, weakens Plaintiffs' main argument that Defendants are "unilaterally eliminating" CRS. To the contrary, depending on how many CRS employees decide to report to duty on

February 9, 2026, the number of CRS employees could exponentially increase, potentially leaving little to no live dispute left in the case.

In all events, Plaintiffs are currently free to request CRS services. Given that, Plaintiffs cannot demonstrate the requisite irreparable harm to warrant a preliminary injunction, *see id.* at 9-14, or—even more generally—injury sufficient for Article III standing to the extent Plaintiffs' alleged injury or harm rests on the inability to request CRS services. And after February 9, 2026, any argument that Plaintiffs' harm or injury rests on the general (albeit misguided) claim that there is an insufficient amount of CRS employees to provide CRS services may be significantly weakened by an influx of CRS employees.

Given that the underlying facts in this case are in flux and more information about the number of CRS employees will be known after February 9, 2026, Defendants propose filing a joint status report no later than February 20, 2026. This status report would provide an update on CRS staffing numbers and any other CRS operations, and provide an opportunity for the parties to propose next steps in the case, including potential briefing on mootness.

**Plaintiff's Position**

Plaintiffs welcome the news that DOJ has rescinded the RIF of CRS employees and hope that it marks a genuine commitment to carry out CRS's statutory functions, reversing Defendants' unlawful dismantling CRS due to a stated disagreement with its mission.  Plaintiffs submit, however, that Defendants have not provided nearly the level of concreteness or detail necessary for Plaintiffs or the Court to evaluate whether this development represents a true reversal of course or instead is mere gamesmanship or pretext designed to defeat review in this case.  Plaintiffs remain concerned that—notwithstanding the decision to reinstate CRS employees, which Defendants claim is a matter of "administrative discretion"—DOJ is presently

unable to provide a clear and concrete explanation for its plans for CRS's resumption of operations. Until additional such concrete information is provided, Plaintiffs are not in a position to say what effect this new development has on this litigation. And the case is certainly not yet moot. Among other things, Plaintiffs still are without services and the country is still without a functioning CRS at a time when its peacekeeping services are acutely needed.

As previously explained, the record overwhelmingly confirms that, regardless of the label used, Defendants unlawfully shut down CRS; and the presumptive remedy for such unlawful agency action is vacatur of that decision and other actions taken as a result of that decision (including termination of CRS services to Plaintiffs). It also bears noting here that Defendants have taken the position in this litigation that CRS is not required to provide *any* CRS services to the public and that its only statutory requirement is to provide an annual report to Congress. Against this backdrop, it is crucial to understand exactly what Defendants plan for CRS's reactivation, beyond the conclusory statements contained herein. Defendants already introduced a memorandum from Denise Nazaire as the putative plan for CRS prior to this new development; it described a one-employee CRS that provides no mediation services and acts as a mere clearinghouse. Defendants have not indicated that that memorandum has been rescinded, nor have they yet provided any new plans for carrying our CRS's functions.

Defendants have represented that they are not yet in a position to provide additional concrete information, because their plans will depend on how many (and which) terminated employees accept reinstatement.[2] But Plaintiffs also understand that terminated employees were

---

[2] Plaintiffs understand that there is currently no plan to hire any additional CRS staff beyond those who accept reinstatement, and there is no firm plan on an alternative means to leverage other resources to provide services if, for example, only one or two employees accept reinstatement.

given until January 16, 2026, to decide whether to accept reinstatement. Given the ongoing harm to the Plaintiffs and the public at large from the unavailability of CRS's peacekeeping capacity,[3] Plaintiffs submit that Defendants should be required to update the Court and Plaintiffs on the status of, and plans for, CRS's resumption of operations by February 2, 2026. This must include more than just conclusory statements by counsel and/or affidavits from witnesses with no or limited personal knowledge. To allow for meaningful review, the status report should include concrete evidence, including an affidavit from a person with actual knowledge, that explains how DOJ plans to resume operation of CRS in compliance with its statutory functions and whether they plan to reinstate the services to Plaintiffs that were terminated on an unlawful basis.

Plaintiffs propose that the parties confer thereafter, in light of the information the government provides, and file a further status report on the need for additional briefing and a proposed schedule (if applicable), by February 9, 2025.

Dated: January 21, 2026                Respectfully submitted,

                                                            BRETT A. SHUMATE
                                                            Assistant Attorney General

                                                            YAAKOV M. ROTH
                                                            Principal Deputy Assistant Attorney General

                                                            DIANE KELLEHER
                                                            Branch Director
                                                            Federal Programs Branch

                                                            */s/ Abigail Stout*
                                                            ABIGAIL STOUT
                                                            (DC Bar No. 90009415)

---

[3] Defendants represent that CRS is taking "requests" for services now, but they do not indicate a plan or timeline for when those services would be available, nor do they indicate whether they plan to reinstate services to Plaintiffs that were terminated as a result of CRS's dissolution / "realignment."

*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*Attorney for Defendants*


*/s/ Kyle R. Freeny*
Kyle R. Freeny
(DC Bar No. 1684764 – *admitted pro hac vice*)
Washington Litigation Group
1717 K Street NW
Washington, DC 20006
Telephone: (202) 521-8750
KFreeny@WashingtonLitigationGroup.org

Ana Muñoz
(Mass. Bar No. 569233)
Zalkind Duncan & Bernstein LLP
2 Oliver Street, Suite 200
Boston, MA 02110
Telephone: (617) 742-6020
AMunoz@ZalkindLaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all attorneys of record by electronic filing on January 21, 2026.

/s/ *Abigail Stout*