**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ETHICAL SOCIETY OF POLICE; NAACP ST. LOUIS COUNTY; MISSIONARY BAPTIST STATE CONVENTION OF MISSOURI; OUT ACCOUNTABILITY PROJECT; BERKSHIRE RESOURCES FOR INTEGRATION OF DIVERSE GROUPS AND EDUCATION; NAACP STATE CONFERENCE COLORADO-MONTANA-WYOMING; PEACEMAKERS LODGE; PIKES PEAK SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE 1; WELLSPRING HEALTH ACCESS; and HAITIAN COMMUNITY HELP & SUPPORT CENTER,

***Plaintiffs*,**

**v.**

TODD BLANCHE, in his official capacity as Attorney General of the United States; and U.S. DEPARTMENT OF JUSTICE,

***Defendants*.**

**Case No. 25-CV-13115 (IT)**

**MOTION TO SUPPLEMENT SUMMARY JUDGMENT RECORD AND FOR SUCH FURTHER RELIEF THE COURT DEEMS APPROPRIATE**

Plaintiffs respectfully move for leave to supplement the summary judgment record with the extraordinary public admission by the Executive Branch that the Community Relations Service ("CRS") was "shut down early in the Trump Administration." *President Trump Takes Historic Action to Eliminate Wasteful and Harmful Spending*, The White House (Sept. 25, 2026).[1] That is the central contested factual issue in this case. Defendants have acknowledged that "only Congress, through legislation, can dissolve or eliminate CRS." Doc. No. 15 at 23. Yet, from the outset of this litigation, Defendants have repeatedly and unequivocally denied that they shut CRS down. In opposing emergency relief, Defendants told this Court that Plaintiffs'

[1] Available at https://www.whitehouse.gov/briefings-statements/2026/09/president-trump-takes-historic-action-to-eliminate-wasteful-and-harmful-spending/. A PDF copy is also attached hereto as Exhibit A.

claims rested on a "false theory that Defendants are unilaterally dissolving CRS," *id.* at 19, and insisted that "no such decision has been made, and neither CRS nor its functions are being eliminated," *id.* at 1. At summary judgment, Defendants doubled down, calling Plaintiffs' account "unfounded from the outset" and asserting that, "[c]ontrary to Plaintiffs' assertions, CRS is operational, has not been 'dissolved,' and will continue to operate unless and until Congress legislatively eliminates it." Doc. No. 117 at 2. Now, the White House says the opposite: CRS "was shut down early in the Trump Administration." Ex. A.

This public admission must be part of the summary judgment record. The Court should not be required to adjudicate the pending cross-motions without considering a public statement by the Executive Branch that is materially irreconcilable with Defendants' representations concerning the very conduct under review. And Plaintiffs should not be required to litigate against one account of Defendants' conduct in court while the Executive Branch publicly asserts the opposite account outside it. In any event, the White House statement is a proper subject of judicial notice. *See CREW v. Trump*, 924 F.3d 602, 607 (D.C. Cir. 2019).

And although the recent White House release specifically pertains to the Executive Branch's assertions of authority to decline to spend appropriated funds, including for CRS, pursuant to the Impoundment Control Act, this Court need not even decide the propriety of such impoundment, because Defendants agree that they lack authority to shut down CRS "[u]nless and until Congress decides to eliminate CRS through legislation." Doc. No. 51 at 32. Indeed, Defendants expressly represented that, until Congress did so, "DOJ will retain CRS, its leadership, and its functions, consistent with federal law." Doc. No. 15 at 1. And after Plaintiffs noted that the facts on the ground belied those assurances—including that reinstated CRS employees were not actually performing CRS functions and that Defendants had identified

no operational plan to resume CRS services, *see, e.g.*, Doc. No. 85 at 4-7—Defendants nevertheless continued to assure the Court that CRS remained "operational," Doc. No. 117 at 2.

The White House now says, in the clearest possible terms, what Plaintiffs maintained throughout: CRS "was shut down early in the Trump Administration." Ex. A. In short, Defendants did precisely what they repeatedly told this Court they had not done—and legally could not do. That admission compels relief in Plaintiffs' favor. The willful nature of Defendants' defiance of the law makes permanent injunctive relief both appropriate and truly necessary if the law is to mean anything.

Respect for the integrity of these proceedings also requires Defendants to answer for this contradiction. In addition to permitting supplementation of the record, the Court should order Defendants to state unequivocally whether CRS "was shut down early in the Trump Administration," as the White House now represents; whether Defendants stand by their contrary representations to this Court; and, if they contend that both propositions are somehow true, to explain how. If Defendants stand by their prior representations notwithstanding the White House's contrary statement, Plaintiffs respectfully renew their request for limited discovery concerning the factual basis for those representations. The Supreme Court's admonition in *Department of Commerce v. New York*, 588 U.S. 752 (2019), is particularly apt here. A court confronted with an explanation "incongruent with what the record reveals" cannot simply "ignore the disconnect" between the Government's actions and its explanation of them. *Id.* at 785. Courts "are not required to exhibit a naiveté from which ordinary citizens are free." *Id.* (citation modified). "If judicial review is to be more than an empty ritual, it must demand something better . . . ." *Id.*

Plaintiffs and the Court deserve something better here.

WHEREFORE, Plaintiffs respectfully request that the Court (1) grant leave to supplement the summary judgment record with the September 25, 2026 White House statement attached as Exhibit A; (2) order Defendants to state whether CRS "was shut down early in the Trump Administration" and, if Defendants maintain that it was not, to reconcile that position with the White House's statement; (3) if Defendants continue to deny that CRS was shut down, permit Plaintiffs discovery concerning the factual basis for Defendants' representations to the Court.[2]

Dated: September 29, 2026

Respectfully Submitted,

*/s/ Kyle R. Freeny*
Kyle R. Freeny
(DC Bar No. 1684764 – *admitted pro hac vice*)
Rosa L. Baum
(DC Bar No. 90032839 – *admitted pro hac vice*)
WASHINGTON LITIGATION GROUP
1717 K Street NW
Washington, DC 20006
Telephone: (202) 521-8750
KFreeny@WashingtonLitigationGroup.org

Ana Muñoz
(Mass. Bar No. 569233)
ZALKIND DUNCAN & BERNSTEIN LLP
2 Oliver Street, Suite 200
Boston, MA 02110
Telephone: (617) 742-6020
AMunoz@ZalkindLaw.com

[2] Defendants (1) do not oppose Plaintiffs' request to supplement the summary judgment record with the September 25, 2026 White House statement; (2) oppose the second form of relief sought, as requested in the Motion (*i.e.,* as set forth in the Motion's WHEREFORE clause), but do not oppose relief limited to an order directing Defendants to provide their position on the White House statement regarding CRS; and (3) oppose discovery, consistent with their previous position.

*Counsel for Plaintiffs*

September 29, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all attorneys of record by electronic filing on the above date.

*/s/ Kyle R. Freeny*
Kyle R. Freeny

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I, Kyle R. Freeny, certify that on the afternoon of September 28, 2026, counsel for Plaintiffs conferred with counsel for Defendants, whose position is relayed above.

*/s/ Kyle R. Freeny*
Kyle R. Freeny