**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ETHICAL SOCIETY OF POLICE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 1:25-cv-13115-IT |

**DEFENDANTS' RESPONSE TO OCTOBER 15, 2026 MINUTE ORDER REGARDING WHITE HOUSE STATEMENT**

Defendants respond to the Court's October 15, 2026 Minute Order (ECF 142), directing them to "advise the court . . . as to any reason [it] should not accept as an undisputed fact that the Community Relations Service ('CRS') was 'shut down early in the Trump Administration[.]'" (quoting September 25, 2026 White House Statement "President Trump Takes Historic Action to Eliminate Wasteful and Harmful Spending" (ECF 141-1) ("Statement")).

The Court should not accept as an undisputed fact that CRS was "shut down" in any way suggesting that its functions were eliminated. The Statement accurately reflects that CRS was "shut down" as a stand-alone entity within the Department of Justice with its statutory functions (and remaining employee) transferred to the Executive Office for United States Attorneys in Autumn 2025. Accompanying documents confirm this. The Office of Management and Budget's September 25 Proposed Recission of Budget Authority for CRS explains that although CRS "was eliminated," its "remaining functions" were transferred to EOUSA under the DOJ reorganization:

> This proposal would rescind $15 million of the $20 million appropriated in FY 2026 for the Community Relations Service (CRS). CRS, which was eliminated by the Department of Justice early in the Administration, was an Agency of about 60 people . . . . Enacting the rescission does not impact CRS, as all remaining statutory functions have already been transferred to the U.S. Attorneys [(*i.e.,* EOUSA)].

*See* Rescission Proposal No. 26-5, at Exhibit A.[1] The Federal Register reflects this as well. *See* OMB, Recissions Proposals Pursuant to the Congressional Budget and Impoundment Control Act of 1974, 91 Fed. Reg. 61880, 61881 (Sep. 30, 2026) (Recession Proposal No. 26-5), at Exhibit B. Plaintiffs' motion did not include these recission proposal documents, although it acknowledged that the Statement concerns a "pocket recission" under "the Impoundment Control Act[.]" *See* ECF 141-1; *see* Motion to Supplement Summary Judgment Record and for Such Further Relief the Court Deems Appropriate (ECF 141) (the "Motion") at 2. As a result, Plaintiffs misinterpret the Statement by ignoring contemporaneous documents that provide it context.

Thus, the Statement is not "materially irreconcilable with Defendants' representations," as Plaintiffs assert, and poses no "contradiction." *See* Motion at 2. Just the opposite: the Statement, especially read together with OMB's Recission Proposal, reflects DOJ's reorganization, described in Defendants' summary judgment briefing. *See, e.g.,* ECF 117 at 7 (describing July 3, 2025 CRS memorandum explaining DOJ's "'proposed reorganization plan for CRS consist[ing] of the <u>elimination of the component as a stand-alone entity</u>, transfer of CRS's statutory functions to EOUSA, and designation of a single employee in EOUSA to fulfill CRS's day-to-day functions.'") (quoting AR0269) (emphasis added). In fact, following its elimination as a stand-alone component and temporary halting of services in late 2025, CRS resumed operating in 2026, and has been receiving and reviewing requests and providing services since then. *See id.* at 1-2, 5-10.

---

[1] Also available at https://www.whitehouse.gov/wp-content/uploads/2026/09/September-Rescissions-Package-for-Speaker-Johnson_signed-9.25.26.pdf .

Finally, in light of the Court's October 15 Order incorporating the Statement as part of the summary judgment record, Defendants respectfully request that the Court similarly incorporate OMB's September 25, 2026 Proposed Recission of Budget Authority for CRS and the related Federal Register Notice (Exhibits A and B, respectively), to ensure context and completeness.[2]

Dated: October 30, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

CHRISTOPHER HALL
Assistant Branch Director
Federal Programs Branch

*s/ Steven M. Chasin*
Steven M. Chasin (D.C. Bar# 495853)
Jessica A. Lundberg
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-0747
Email: steven.m.chasin2@usdoj.gov

*Counsel for Defendants*

[2] Alternatively, the Court can take judicial notice of these documents, as Plaintiffs requested. *See* Motion at 2. In that regard, the quoted description of CRS's mission ("assigned with 'preventing and resolving racial and ethnic tensions, incidents, and civil disorders, and in restoring racial stability and harmony'"), present in both the Statement and these accompanying documents, is not taken from the CRS statute or legislative history. *See* Statement; Exs. A and B. Rather, it is from CRS's self-description on the CRS website before its 2025 reorganization and realignment. *See* https://web.archive.org/web/20170504232535/https://www.justice.gov/crs/us-doj-community-relations-service .

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all attorneys of record by electronic filing on October 30, 2026.

*/s/ Steven M. Chasin*